UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**NORTHERN DIVISION at ASHLAND**

| | | |
|---|---|---|
| STANLEY TYRUS WEEMS, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. |
| | ) | 0:20-cv-045-JMH |
| v. | ) | |
| | ) | |
| H. ALLEN BEARD, JR., Warden | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Petitioner Stanley Tyrus Weems is a federal inmate currently housed at the Federal Correctional Institution ("FCI")-Ashland located in Ashland, Kentucky. Proceeding without a lawyer, Weems has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking relief from his conviction. [DE 1]. This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

**I.**

In November 2011, pursuant to a plea agreement with the United States, Weems pled guilty in the United States District Court for

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

1

the Eastern District of Tennessee to one count of production of child pornography in violation of 18 U.S.C. § 2251. *United States v. Weems*, No. 2:11-cr-071-JRG-1 (E.D. Tenn. 2011) at DE 33. As part of his plea agreement, Weems expressly waived his right to "file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the defendant's conviction(s) and/or resulting sentence," with the exception of "the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment." *Id*. at DE 32, p. 8, ¶14(b). In July 2012, Weems was sentenced to an agreed-up sentence of 180 months imprisonment and a lifetime term of supervised release. *Id*. at DE 48. Weems did not appeal his conviction or sentence.

In May 2013, Weems filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 claiming ineffective assistance of counsel (including the alleged failure to challenge an illegal search of Weems' property and possessions) and that "newly discovered evidence" proved Weems' actual innocence. *Id*. at DEs 87, 88. The District Court concluded that Weems' claims lacked merit, and, therefore, denied Weems' motion, dismissed the matter with prejudice, and declined to issue a Certificate of Appealability ("COA"). *Id*. at DEs 106, 107. Weems sought a COA from the United States Court of Appeals from the Sixth Circuit,

but his motion was denied. *Weems v. United States*, No. 16-6247 (6th Cir. Mar 15, 2017).

In August 2017, Weems filed a motion for relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(6), alleging "foundational err, and subsequent issues of abuse of discretion." *United States v. Weems*, No. 2:11-cr-071-JRG-1 (E.D. Tenn. 2011) at DE 111. The District Court denied this motion on the grounds that a Rule 60(b) motion is not applicable in criminal proceedings. *Id*. at DE 113. Weems appealed to the Sixth Circuit, which construed Weems' motion (and a "motion to amend 60(b) filing" that Weems filed on appeal) as a motion for an order authorizing the district court to consider a second or successive § 2255 motion and denied it. *Weems v. United States*, No. 18-5088 (6th Cir. Jul 19, 2018).

Weems has now filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court raising challenges to his conviction. [DE 1]. While it is not a model of clarity, Weems' § 2241 petition challenges the legality of warrants that were issued in his criminal case, asserts that the prosecution failed to turn over exculpatory evidence to the defendant prior to trial, and raises various other claims of ineffective assistance of counsel and/or prosecutorial misconduct. [DEs 1, 1-5]. For example, Weems claims that "newly discovered" evidence shows that a warrantless search was conducted of his property on September

14, 2011, which constitutes prosecutorial misconduct and a breach of his plea agreement, and that "exculpatory evidence" seized during the warrantless search was not placed in discovery by the government. [DE 1]. He also claims that a cell phone was seized from him during his September 14, 2011 arrest, but no search warrant has been found for the phone or its contents. He further alleges that the government and/or the Green County Sheriff's Department destroyed evidence from cell phones. [*Id.*]. Weems also claims that a search of his property exceeded the scope of a warrant that was issued, which was also defective because it was based on false statements obtained by the victim and his mother. [DE 1-5 at p. 3-4].

However, having reviewed the petition and its attachments, the Court must deny relief because Weems' claims are not cognizable in a § 2241 habeas corpus petition.

## II.

A federal prisoner generally may not use a § 2241 petition to challenge the legality of his conviction or sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a prisoner who wishes to raise such a challenge must file a motion under § 2255. *Id.* (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition may not be used for this purpose because it does not function as an additional or

4

alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002). Rather, to properly invoke the savings clause, the petitioner must be asserting a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or establishing that – as a matter of statutory interpretation – a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). However, "a federal prisoner cannot bring a

claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019).

Weems has not "shown that anything prevented or foreclosed him from making his argument at his sentencing, on direct appeal…, or in an initial § 2255 motion." *Wright*, 939 F.3d at 706. Indeed, he has raised challenges to the legality of a search and seizure of his property in his initial § 2255 motion, on appeal of the denial of that motion, and in his construed motion for permission to file a second or successive § 2255 motion.[2] Because Weems cannot show "he had no prior reasonable opportunity to bring his argument for relief," *Wright*, 939 F.3d at 705, he cannot now use the saving clause to get another bite at the apple. *Id*. at 706.

Moreover, as made clear by the "Motion to Supplement 28 U.S.C. § 2241" filed by Weems in conjunction with his petition [DE 1-5], his § 2241 petition presents constitutional challenges to his

---

[2] Weems concedes as much in the Memorandum he filed in support of his claims, in which he explains, "it is these fundamental issues which underlie the Movant's Grounds and Claims in Movant's 2255 and Rule 60(b), and yet remain unanswered or improperly resolved and open before the Court." [DE 1-5 at p. 4]. However, to the extent that Weems believes that the sentencing court "improperly resolved" issues that he presented in his § 2255 motion and/or his Rule 60(b) motion, he certainly may not use a § 2241 petition as a way to essentially appeal the resolution of those issues to this Court.

6

conviction. For example, Weems claims that the alleged warrantless search of his property was unconstitutional; that the government withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972); and that his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966) were violated. [DE 1-5]. As these claims are all constitutional challenges to Weems' conviction,[3] they may only be asserted (if at all) on direct appeal or in a § 2255 motion. *Cf. Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir. 2003) (claim under *Strickland* that counsel was ineffective may not be pursued under § 2241); *Jameson v. Samuels*, 555 F. App'x 743, 746 (10th Cir. 2014) (habeas petition under § 2241 is not the proper vehicle to assert claims of prosecutorial misconduct, ineffective assistance of counsel, and lack of probable cause for warrant).

To the extent that Weems' motion suggests that his claims are supported by "newly discovered" evidence that he claims was found by his daughter while she was moving Weems' personal property,

---

[3] *See Brady v. Maryland*, 373 U.S. 83 (1963) (the prosecution's suppression of evidence favorable to an accused violates due process where the evidence is material either to guilty or to punishment); *Miranda v. Arizona*, 384 U.S. 436 (1966) (statements made during custodial police interrogation by accused who had not been provided a full warning of constitutional rights were inadmissible as having been obtained in violation of Fifth Amendment privilege against self-incrimination); *Giglio v. United States*, 405 U.S. 150 (1972) (non-disclosure of promise of leniency made to witness testifying for government violates due process).

while the discovery of "new" evidence may be grounds for a second or successive motion under 28 U.S.C. § 2255(h)(1), it is not a valid basis for a petition filed pursuant to § 2241 via the savings clause of § 2255(e).[4] Because Weems' constitutional claims may be asserted in a motion filed pursuant to § 2255, that remedy is not structurally "inadequate and ineffective" to test the legality of his detention, rendering resort to § 2241 impermissible. *Truss v. Davis*, 115 F. App'x at 773-74; *McDowell v. Warden, FCC Medium Coleman*, 694 F. App'x 692, 693-94 (11th Cir. 2017).

For all of these reasons, Weems' claims for relief are not cognizable in a § 2241 petition and, therefore, his petition will be denied.

Accordingly, the Court hereby **ORDERS** as follows:

1) Weems' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [DE 1] is **DENIED**;

---

[4] 28 U.S.C. § 2255(h) provides:
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

    2) This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

    3) A corresponding Judgment will be entered this date.

    This 1st day of May, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge